IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KURYAKYN HOLDINGS, LLC, | |
| PLAINTIFF, | CIVIL ACTION NO. 3:15-CV-703 |
| V. | |
| CIRO, LLC, THOMAS RUDD, KEN MADDEN, DARRON MAY, AND CHRISTOPHER LINDLOFF, | JURY TRIAL DEMANDED |
| DEFENDANTS. | |

**DECLARATION OF MATTHEW LEISCH**

1. I am employed by Kuryakyn Holdings, LLC as a product manager. I have held this position for approximately twelve years.

2. Prior to becoming a product manager, I was a sales representative and then a sales manager. In total, I have worked for Kuryakyn for approximately twenty years.

3. My responsibilities as a product manager include identifying new product ideas, providing input to designers and engineers on product designs, selecting suppliers to manufacture products, providing information about products to sales and marketing personnel, and evaluating Kuryakyn's product line to determine whether products should be discontinued.

4. In the course of my employment as a product manager for Kuryakyn, I have gained knowledge about and become familiar with the design of Kuryakyn products and Kuryakyn's design processes, accounting and inventory management systems, suppliers, and customers.

5.     Between December 2009 and November 2013, I also had responsibility for assisting Kuryakyn in the litigation with David C. Abbe.

6.     In connection with that litigation, I prepared a declaration, assisted in the preparation of interrogatory responses, testified at trial, and served as Kuryakyn's corporate representative at trial.

7.     In assisting Kuryakyn with the litigation, I met on multiple occasions with Kuryakyn's attorneys Craig Krummen and Tiffany Blofield and Constance White, who is a legal assistant.

8.     Between November 17 and November 20, 2013, I met on a daily basis with attorneys Krummen and Blofield in Madison during the trial of the Abbe case.

9.     Prior to the trial, I worked closely with attorneys Krummen and Blofield. We had multiple telephone calls, exchanged correspondence, and I attended at least fourteen meetings at Winthrop's offices in Minneapolis. On some of the telephone calls and at some of these meetings, I was joined by other Kuryakyn employees, including Thomas Rudd, James Hartwick, Robert Hinton, and Owen Kuhnly.  None of these individuals continue to work for Kuryakyn.

10.    Thomas Ellsworth, who was an employee of Kuryakyn's parent, Motorsport Aftermarket Group, Inc., also participated in many of these meetings with attorneys Krummen and Blofield.  Mr. Ellsworth no longer works for Motorsport Aftermarket Group, Inc..

11.    During my telephone calls and meetings with attorneys Krummen and Blofield, we discussed the design of various Kuryakyn products and also discussed Kuryakyn's design processes, suppliers, changes in Kuryakyn's product line, and Kuryakyn financial information, including sales revenue, costs and expenses, and profits.

12. The information described in Paragraph 11 is considered confidential by Kuryakyn. The information I provided to attorneys Krummen and Blofield was to assist them in representing Kuryakyn in the litigation involving Mr. Abbe. I understood that this information would only be used for the purposes of the litigation involving Mr. Abbe.

13. Because the information described in Paragraph 11 is confidential, I would not have provided this information to attorneys Krummen and Blofield had they not been Kuryakyn's attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Matthew Leisch

Somerset, Wisconsin
December 16, 2015

3346027