# EXHIBIT 1
to
# Declaration of
# Cassandra Merrick

# REDACTED

# Highly Confidential
# Attorneys' Eyes Only

Filed Under Seal
Pursuant to the Amended Stipulated
Protective Order Entered in this Case at
Docket No. 59 on July 6, 2016

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |
|---|---|
| KURYAKYN HOLDINGS, LLC,<br><br>     PLAINTIFF,<br><br>         v.<br><br>CIRO, LLC, THOMAS RUDD, KEN MADDEN,<br>DARRON MAY, AND CHRISTOPHER LINDLOFF,<br><br>     DEFENDANTS. | CIVIL ACTION NO. 3:15-CV-703<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff Kuryakyn Holdings, LLC ("Kuryakyn"), by and through its undersigned counsel, hereby supplements its responses to Interrogatories Nos. 1 through 3 of Defendants' First Set Interrogatories. For the convenience of the parties and the Court, these supplemental responses restate and incorporate Kuryakyn's prior responses:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

1.      Kuryakyn objects to the Interrogatories to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable rule, privilege, or doctrine.  Any disclosure or production of any privileged or protected information is inadvertent and shall not be deemed or construed as waiving any and all rights that Kuryakyn has or may come to have under the attorney-client privilege, work product doctrine, or any other applicable rule, privilege, or doctrine.

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

2.      Kuryakyn objects to the Interrogatories because the definitions of Kuryakyn and MAG, as stated in the Interrogatories, are overbroad and unduly burdensome as these definitions include individuals and entities that are irrelevant to the claims and defenses asserted in this case.  As a result, in its Responses, Kuryakyn has understood "Kuryakyn" to mean only the entity that is the plaintiff in this action and "MAG" to mean only Motorsport Aftermarket Group, Inc., which is Kuryakyn's parent company.

3.      Kuryakyn further objects to these Requests because the definition of "Actions" and "Defendants" are overbroad.  In responding to these Interrogatories, Kuryakyn defines "Actions" to include only this action, *Kuryakyn Holdings LLC v. Ciro, LLC*, Court File No. 3:15-cv-JDP, and "Defendants" as Defendant Ciro, LLC (and its employees, agents, representatives, and consultants), and Defendants Thomas Rudd, Ken Madden, Darron May, and Christopher Lindloff.

4.      Kuryakyn reserves and does not waive any and all objections that Kuryakyn has or may come to have to the admissibility at trial of any documents or information provided in response to these Requests.

5.      Kuryakyn reserves the right to supplement or amend any responses to these Requests should future investigation indicate that such supplementation or amendment is necessary. More specifically, Kuryakyn states that fact discovery in this action remains open through December 1, 2016 and the depositions of Defendants Ciro, Lindloff, Madden, May, and Rudd have been noticed but these witnesses have not yet been presented.

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

**SUPPLEMENTAL RESPONSES AND SPECIFIC OBJECTIONS**

**Interrogatory No. 1:**   For each trade secret that you claim has been misappropriated by Defendants (referred to herein as "Asserted Trade Secret"):

a.      describe the trade secret;

b.      describe how you have maintained the confidentiality of the trade secret;

c.      describe each product that you claim uses, or was developed using, the trade secret;

d.      describe how Defendants contributed to the misappropriation of the trade secret; and

e.      identify each document relating to your response.

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order



Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order



Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order



Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order



Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order



Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order



Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order



**Interrogatory No. 2:**  For each product identified in response to Interrogatory No. 1, describe how each of the Asserted Trade Secrets is (or was) used in each such product.

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

███████████   ████████     ██████████████████████████

█████████████████

**Interrogatory No. 3:**  If you contend that any of the Defendants breached his employment agreement with Kuryakyn:

a.      describe all facts in support of this contention; and

b.      identify each document relating to your response.

██████████   ████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order



Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order



Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order



Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order



Dated:  October 24, 2016
Chicago, Illinois

As to the foregoing objections.

**KURYAKYN HOLDINGS, LLC,**

By:   */s/ Yeny C. Estrada*
One of Its Attorneys

Yeny C. Estrada
Paul Olszowka
Christine Skoczylas
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606-2833
Phone: (312) 357-1313

Todd Vare
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Phone: (317) 236-1313
Facsimile: (317) 231-7433
todd.vare@btlaw.com

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

Facsimile: (312) 759-5646
yeny.estrada@btlaw.com
paul.olszowka@btlaw.com
christine.skoczylas@btlaw.com

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

**VERIFICATION**

I, Holger Mohr am employed by Kuryakyn as its President and have been designated as Kuryakyn's representative in connection with the preparation of its responses to these interrogatories.  I have read Kuryakyn's foregoing supplemental responses to Defendants interrogatories and state that these answers were prepared with the assistance and advice of counsel and are based on, and limited by, the information and documents that I was able to reasonably gather and recollect, and documents provided to me by counsel as referenced in the answers. I reserve the right to make any changes to Kuryakyn's responses if it appears at any time that omissions or mistakes have been made, or should more accurate information become available.

Under penalty of perjury that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Dated:      October 24, 2016
             Somerset, Wisconsin

                              */s/ Holger Mohr*

Contains Information Designated
HIGHLY CONFIDENTIAL
Pursuant to Protective Order

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2016, I sent a copy of Plaintiff's Supplemental Responses to Defendants' First Set of Interrogatories and by email as follows:

Christopher Madel
CMadel@RobinsKaplan.com

Jennifer Robbins
JRobbins@RobinsKaplan.com

Cassandra Batchelder
CBatchelder@RobinsKaplan.com


*/s/ Yeny C. Estrada*