IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KURYAKYN HOLDINGS, LLC,<br><br>            Plaintiff,<br>v.<br><br>CIRO, LLC, THOMAS RUDD, KEN MADDEN, DARRON MAY, AND CHRISTOPHER LINDLOFF,<br><br>            Defendants. | Civ. No. 3:15-CV-00703<br><br>**Defendants' Memorandum of Law in Support of its Motion in Limine to Exclude James Malackowski** |

Pursuant to Federal Rule of Evidence 702, Defendants Ciro, LLC, Thomas Rudd, Ken Madden, Darron May, and Christopher Lindloff ("Defendants"), move this Court to exclude James Malackowski, who Plaintiff has offered as an expert on damages in this matter. Malackowski however, has failed to offer a basis for causation within his opinion. Similarly, he fails to apportion damages between claims and defendants. He has, in fact, been excluded as an expert in other matters for just such deficiencies. Because his opinion, with these flaws, offers no help or guidance to the jury, his opinion should be excluded.

   **I.   Argument**

The admissibility of expert testimony turns on "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) (citation omitted). The proponent of expert testimony has the burden of

demonstrating its admissibility. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

### A. Malackowski failed to establish any causal link between alleged misconduct and alleged damages.

Causation is an important aspect in a damages' expert's analysis. *See, e.g.*, *Mapinfo Corp. v. SRC*, No. 02-CV-1008 (DRH), 2006 U.S. Dist. LEXIS 70408, at *18 (N.D.N.Y. Sept. 28, 2006) (excluding damages experts on relevance grounds because the expert failed "to prove…a causal connection between MapInfo's alleged disparagement and any losses by SRC [which] renders…testimony on damages irrelevant."); *Sigur v. Emerson Process Mgmt.*, 05-1323-A-M2, 2007 U.S. Dist. LEXIS 45270, at *10–19 (M.D. LA Apr. 25, 2007) (defendants sought to exclude as irrelevant the testimony of plaintiff's damages expert because he had assumed causation, and the court held that plaintiff and his expert had failed to identify evidence of causation in the record).

Notably, Plaintiff's expert, Malackowski, has been excluded as an expert as a result of *Daubert* challenges on numerous occasions for just these types of flaws with respect to his consideration of facts and causation in his reasoning. *See*, *e.g.*, *Rembrandt Social Media LP v. Facebook, Inc.*, No. 1:13–cv–158, 2013 WL 6327852, at *8 (E.D. Va. Dec. 3, 2013) ("Mr. Malackowski's report failed to apportion revenue to BigPipe and Audience Symbol, the features actually causing Facebook to allegedly infringe"); *Prism Technologies LLC v. AT&T Mobility, LLC*, et al., 8:12-cv-00122, at *11 (D. Neb., Sept. 22, 2014) ("[Malackowski] failed to offer sufficient proof that the alleged patent drives the sales of services"); *Fairchild Semiconductor Corp. vs. Power Integrations*,

C.A. No. 12-540-LPS, 2015 U.S. Dist. LEXIS 34873, at *4 (D. Del. March 20, 2105) ("Mr. Malackowski's analysis must be excluded due to his use of the incorrect hypothetical negotiation date."); *Radware, Ltd. vs. F5 Networks, Inc.*, Case No. 13-cv-02024-RMW, 2016 U.S. Dist. LEXIS 18010 (N.D. Cal. Feb. 13, 2016) ("Even if the court were to consider Radware's untimely theory, however, the court finds the references to DNS-Lite in the reports of . . . Mr. Malackowski . . . are conclusory and would not allow a reasonable fact finder to evaluate infringement or calculate damages[.]"); *Oracle Am. vs. Google Inc.*, No. C 10-03561 WHA, 2016 U.S. Dist. LEXIS 58819 (May 3, 2016) (granting in part a motion to exclude Malackowski's opinion).

Here, Malackowski admitted that he assumed liability and causation, and he did not provide an opinion as to causation. (Malackowski Dep. Tr., Dkt. No. 160, 8:2–10:6; Malackowski Rep., Dkt. No. 85, at 7.) Further, his report states:

> For the purposes of assessing the current dispute, Counsel has asked that I make the following assumptions:
>
> - Defendants will be found liable for some or all of the claims asserted by Kuryakyn;
> - Defendants have misappropriated Kuryakyn's valuable trade secrets, including information regarding Kuryakyn's suppliers;
>
> Additionally, under the methodology I have employed, I have made the following factual assumptions, for which I have determined that there is a reasonable basis and which I understand will be established at trial:
>
> - But-for Defendants' misappropriation of Kuryakyn's trade secrets, and other misconduct, Ciro would have been unable to enter the market until at least May 1, 2018, and all Ciro sales made prior to that time would have been made by Kuryakyn;

- Had Kuryakyn been aware of the individual Defendants' misconduct in regard to the formation of Ciro, Kuryakyn would have terminated their employment immediately and therefore Kuryakyn would not have incurred costs for the individual Defendants' compensation thereafter.

(Malackowski Rep., Dkt. No. 85, at 20-21.) Malackowski's assumptions and failure to make these causal connections renders his opinion flawed and unreliable. Indeed, to prove its claims, Kuryakyn must prove that Defendants' unlawful conduct caused its damages. As the Seventh Circuit has stated in the antitrust context:

> When a plaintiff improperly attributes all losses to a defendant's illegal acts, despite the presence of significant other factors, the evidence does not permit a jury to make a reasonable and principled estimate of the amount of damage. This is precisely the type of 'speculation or guesswork' not permitted for antitrust jury verdicts. To allow otherwise would force a defendant to pay treble damages for conduct that was determined to be entirely lawful.

*MCI Communications Corp. v. American Telephone and Telegraph Co.*, 708 F.2d 1081, 1162 (7th Cir.) (citation omitted), cert. denied, 464 U.S. 891 (1983). Malackowski, however, assumed both causation and liability. (*See* Malackowski Report at p. 7.) *See, e.g.*, *Read v. Medical X-Ray Ctr., P.C.*, 110 F.3d 543, 544 (8th Cir. 1997) ("[W]e conclude a reasonable jury could only find Dr. Read's business failed because of his own competitive flaws. Thus, Dr. Read did not establish causation, an essential element of his case, and we reverse on MXC's appeal and affirm on Dr. Read's cross appeal."); *H & B Equipment Co. v. International Harvester Co.*, 577 F.2d 239, 247 (5th Cir. 1978) (plaintiff could not show causation based on corporate officer's testimony alone). Here, Malackowski's failure to opine as to causation renders his opinion unhelpful to the jury and it should, accordingly, be excluded.

### B. An example of the problems with Malackowski's assumptions is illustrated in his failure to apportion damages.

Malackowski has not offered any link between his damages calculations and specific alleged misconduct by particular Defendants. Nor has Malackowski tied his damages to particular alleged trade secrets. Defendants expect Kuryakyn to argue that Malackowski is not required to disaggregate damages caused by Defendants' alleged unlawful activity from those caused by lawful activity (including the trade secrets that are not, as a matter of law, trade secrets). This is simply incorrect and is belied by logic as well as Circuit law. To be sure, the requirement that plaintiffs disaggregate damages is a familiar concept in antitrust law. *See, e.g., MCI Communications Corp. v. AT&T Co.*, 708 F.2d 1081, 1166-67 (7th Cir. 1983) (reversing antitrust jury verdict on the grounds that the plaintiff's purported damages included sums attributable to claims of unlawful competition that had been dismissed such that the plaintiff's proffered damages theory would allow it to recover for claims that had been dismissed; concluding that because the verdict awarded "damages for both lawful and unlawful conduct, the damage award must be set aside" (*id.* at 1160); "it is essential . . . that damages reflect only the losses directly attributable to unlawful competition" (*id.* at 1161)).

An analogous principle has long been applied in the context of patent infringement claims. *See, e.g., Crystal Semiconductor Corp. v. Tritech Microelectronics*, 246 F.3d 1336, 1353 (Fed. Cir. 2001) ("To recover lost profits, 'a patent owner must prove a causal relation between the infringement and its loss of profits.'" (*quoting BIC Leisure Prods. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1218 (Fed. Cir. 1993)); *Computing Scale*

*Co. v. Toledo Computing Scale Co.*, 279 F. 648, 670 (7th Cir. 1921) ("It is a cardinal rule of patent law that, where a patent produces but a part of the profits, the plaintiff may recover only such part of the profits as the patent produces, and the defendant may have credit for the remainder . . . ."); *Ga.-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). For example, over a century ago in *Garretson v. Clark*, 111 U.S. 120 (1884), the Supreme Court addressed the necessity of apportioning damages between that which has been patented and that which has not. The case involved a patent for "an improvement in the method of moving and securing in place the movable jam or clamp of a mop-head." *Id.* at 121. As the Court observed, "with the exception of this mode of clamping, mop-heads like the plaintiff's had been in use time out of mind." *Id.*

But Circuit courts agree that this general rule applies beyond the antitrust and patent contexts, *i.e.,* a plaintiff must show that its injury is casually linked to unlawful conduct, and failure to do so results in dismissal of the claim for failure to disaggregate damages. *See Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 695 (5th Cir. 2003) (holding that disaggregation rule applies beyond antitrust law); *Runiks v. Peterson*, 392 P.2d 590 (Colo. 1964) (holding, in trade secrets case, "[b]efore damages can be awarded to a claimant he must establish that the damages he seeks are traceable to and are the direct result of the wrong sought to be redressed.").[1]

---

[1]  *See also Perrone v. GMAC*, 232 F.3d 433 (5th Cir. 2000) (holding actual damages for violation of the Truth in Lending Act requires direct causal relationship between the amount of damages and injury or harm); *National Papaya Co. v. Domain Industries, Inc.*, 592 F.2d 813, 818 (5th Cir. 1979) (holding, in a breach of warranty claim, plaintiff has the burden to show that its lost profit damages flowed as the natural and proximate result of the defendant's wrongful conduct).

One of the leading cases in the trade-secret context is the Seventh Circuit's decision in *Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410 (7th Cir. 1992). In *Schiller*, the Seventh Circuit upheld a district court ruling rejecting the plaintiff expert's analysis of damages for theft of a customer list where that analysis included various components not attributable to the defendant's alleged misappropriation. *Id.* at 415-16. The expert claimed that the plaintiff was entitled to all the profits it allegedly lost after the theft of its customer list, despite the fact that "95 percent of the names on the list came from mailing lists compiled by product manufacturers and purchasable by any catalog house" and, therefore, were not "secrets." *Id.* at 415. The court observed that, at a minimum, the plaintiff's expert "should have tried to separate the damages that resulted from the lawful" conduct of the defendant "from the damages that resulted from particular forms of misconduct allegedly committed by that competitor, of which the theft of the mailing list, however morally reprehensible, was the slightest." *Id.* at 415-16. Because the expert failed to exclude such sums from his calculations, the court concluded that the expert's analysis made "a joke of the concept of expert knowledge." *Id.* at 415; *see also Vt. Microsystems, Inc. v. Autodesk, Inc.,* 88 F.3d 142, 151 (2d Cir. 1996) (rejecting damages award that encompassed damages beyond those attributable to the alleged trade secrets).

As the Ninth Circuit has stated, "[t]here is nothing inconsistent between requiring proof that damages were caused by illegal acts and the rule that a plaintiff need not disaggregate damages among those acts found to be unlawful." *City of Vernon v. S. Cal.*

*Edison Co.*, 955 F.2d 1361, 1372 (9th Cir. 1992) (summary judgment proper where damages study is speculative and does not separate effects of lawful and unlawful activity).

Here, Kuryakyn has not offered any facts or analysis to show that its damages flow from legally cognizable trade secrets (*i.e.,* it just provided one aggregate damages figure) or which defendant would be liable for which legal violations. (*See, e.g.*, Malackowski Rep., Dkt. No. 85, at Appendix 4.) Without this information, Malackowski's damages are purely speculative and inadmissible. Accordingly, because Malackowski failed to apportion damages, Kuryakyn should not be permitted to present his unhelpful testimony to the jury.

## II. Conclusion

Because he fails to show that there was any causal relationship between the claims and Kuryakyn's injury at all and also failed to apportion which defendants are responsible for the alleged claims, and for how much, Malackowski's opinion regarding damages is improper, speculative guesswork and that is unhelpful to the jury and prejudicial to Defendants. His testimony regarding damages should be excluded.

DATED: March 3, 2017                    **ROBINS KAPLAN LLP**

                                                           By: *s/Cassandra B. Merrick*
                                                               Cassandra B. Merrick (396372)

800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
Fax: 612-339-4181
CMerrick@RobinsKaplan.com

**ATTORNEYS FOR DEFENDANTS**